PER CURIAM.
The issue before the court is the question of the character and fitness of one Peter M. Lopez to engage in the practice of law in this state. The issue arose out of a spate of pleadings filed in this court in the cases sub judice, a description of which would serve no useful purpose. It suffices to say that the Florida Board of Bar Examiners found that the applicant Lopez was unfit to practice law because in his answer to questions propounded on the- application for admission he failed to reveal certain information that, in' the opinion of the Board, was relevant to the question of his fitness to practice law in this state.
The Board found that the applicant falsely and fraudulently withheld that he had been involved in several civil suits; that he had resided in Miami, Florida, during a part of the period 1950-1958; that he had been summoned to appear before the immigration authorities for over-staying his visa in this country; that he had falsely claimed United States citizenship in order to join the Florida National Guard; and that he had served as a research aide while studying for the Bar. The Board charged also that the applicant had represented himself as an attorney and a member of The Florida Bar in representing two aliens in deportation proceedings.
The applicant is a native of Cuba, having made several visits to this country since 1950. He was graduated from the University of Havana School of Law in 1952 and engaged in’ the practice of law there until his departure in 1959. At that time he took • permanent refuge in this country from the Communist regime in Cuba and was naturalized as a United States citizen in 1961. He entered the University of Miami Law School and graduated from there in 1966. He also attended undergraduate • school' to acquire credits which, with those earned in a university in Havana, would qualify him to take the Bar examination. During his practice itn Havana he represented the Banco Pujol; and a letter from Amado M. Vina, formerly president of that bank, and now president of The Bank of Miami, Florida, advises that the applicant will be appointed attorney for the Miami bank as soon as he is admitted to The Florida Bar. The attorney for whom the applicant worked as research aide while he was studying for the Bar examination also vouched for his qualifications.
We have carefully examined the charges made against the applicant and can find nothing in the information withheld that would have justified the denial of the application, had the facts been submitted forthrightly and fully in the first place, as they were in an amended appli *821 cation. It seems clear that the applicant could have had no fraudulent design in withholding information that could have had little, if any, damaging effect on his application. The habit of concealment and equivocation that is so natural for a person of applicant’s political learnings when living under a Communist regime will undoubtedly be dissipated eventually when applicant becomes fully acclimated to life in this democracy.
Nor can we agree that the two instances in which applicant allegedly engaged in the practice of law by representing two aliens in deportation proceedings should bar his admission. It affirmatively appears that the form used in these proceedings indicates that the alien may be assisted by an attorney or “a representative”. The form shows that the aliens were represented by the applicant and another person, one Angelo A. Ali; and the applicant states that he intended only to represent himself as assisting Mr. Ali in preparing the two cases, which he did. We do not find the applicant’s explanation to be unworthy of belief.
While it is the Board’s initial responsibility to make recommendations concerning admissions to the Bar, the Ultimate responsibility is that of this court. The applicant’s failure to disclose the information at the time of his initial application was, of course, improper; but the concealment .of such relatively innocuous matter cannot be considered so odious as to render applicant forever unfit to practice law in this state.
The applicant has given reasonable explanation of the other matters cited by the Board, and after reviewing the entire record, it is our opinion that applicant’s long, diligent and determined efforts to obtain permission to practice his profession in this country should be recognized as some indication of his stability. To deny him the right to take the oath at this time would be the equivalent of a permanent disbarment which is not justified by the evidence. It is true that much of the evidence creates some suspicion about his ethical responsibility, but it must be remembered that as he enters the practice of law he will be bound by, and required to adhere strictly to, the canons of ethics relating to the legal profession, and should he falter, The Florida Bar, under the rules ■of this court, possesses adequate machinery to bring him to accountability. Earlier this year applicant stood a rigid Bar examination and passed it;
Accordingly, upon taking the appropriate oath the applicant shall stand admitted to The Florida Bar, but with a firm admonition by this court to adhere strictly to all our rules of professional ethics.
The petition of The Florida Bar respecting the unauthorized practice of law by applicant is dismissed without prejudice, to reinstate the same, in the event any recurrence should appear.
It is so ordered.
ERVIN, C. J., and ROBERTS, ADKINS and BOYD, JJ., concur.
DREW, J., dissents.